**SO ORDERED.**

**SIGNED this 22nd day of March, 2013.**

THOMAS W. WALDREP, JR.
UNITED STATES BANKRUPTCY JUDGE



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GORIE L. CARPENTER, JR. | ) | Case No. 13-50305 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

## ORDER AND MEMORANDUM OPINION GRANTING MOTION TO DISMISS

This matter came before the Court for hearing on March 20, 2013, upon the Motion to Dismiss (the "Dismissal Motion"), filed by the Bankruptcy Administrator on March 14, 2013, as well as the Motion to Impose the Automatic Stay and the Motion for Contempt, filed by the above-referenced debtor (the "Debtor") on March 14, 2013 and March 15, 2013, respectively, and the order of the Court noticed on March 15, 2013, requiring the Debtor to appear and show cause as to why his case should not be dismissed with a bar to re-filing. The Debtor appeared pro se, and Robert E. Price, Jr. appeared on behalf of the Bankruptcy Administrator.

Over the past nine months, the Debtor filed four petitions seeking relief under Chapter 13 of the Bankruptcy Code. The first petition, filed on July 16, 2012, was dismissed on September 11, 2012, due to the Debtor's failure to obtain pre-petition credit counseling. Additionally, although the

Debtor paid the filing fee, the Debtor failed to file any schedules, propose a plan, attend the first meeting of creditors, or make any payments to creditors. The Debtor filed his second petition on September 7, 2012, which was dismissed on October 25, 2012 because of the Debtor's failure to file his schedules. Again, the Debtor paid the filing fee, but failed to propose a plan, attend the first meeting of creditors, or make any payments to creditors. The Debtor filed his third petition on January 14, 2013, but he voluntarily dismissed it on February 20, 2013, after partially paying the filing fee and filing his schedules, but once again failing to propose a plan or make any payments to creditors. On March 13, 2013, the Debtor filed his current Chapter 13 petition, but failed to file a certificate of prepetition credit counseling or any schedules. The Debtor did file a motion to impose the automatic stay (the stay did not arise in this case by operation of Section 362(c)(4)(A)), and on March 15, 2013, the Debtor also filed a Motion for Contempt, requesting that the Court hold the Forsyth County Sheriff's Office in contempt for evicting him post-petition. On March 14, 2013, the Bankruptcy Administrator filed the Dismissal Motion, seeking dismissal of the case with a one-year bar to re-filing, asserting that the Debtor's serial filings, without meaningful attempts to comply with the requirements of the Bankruptcy Code, constitute unreasonable delay that is prejudicial to creditors, constitute bad faith, and are an abuse of the bankruptcy process.

      The Bankruptcy Code permits a court to dismiss a case, upon request of the Bankruptcy Administrator and after notice and a hearing, for cause, including "unreasonable delay by the debtor that is prejudicial to creditors."  11 U.S.C. §1307(c)(1). Section 349 of the Bankruptcy Code provides that dismissal of a case does not prejudice the debtor as to subsequent petitions unless otherwise ordered by the court. 11 U.S.C. § 349(a).  Accordingly, "the Bankruptcy Code provides a bankruptcy court with the authority both to bar subsequent discharge of existing debt and to bar

2

successive petitions under § 109(g)." Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933 (4th Cir. 1997) (noting that prior to the enactment of § 109(g), bankruptcy courts would order debtors to refrain from filing successive petitions by referring to the order as "dismissal with prejudice"). See also In re Latovljevic, 343 B.R. 817 (Bankr. N.D.W. Va. 2006) (dismissing chapter 13 case and imposing 180 day bar to filing where the debtor filed six deficient bankruptcy petitions within four years); In re Oliver, 322 B.R. 769 (Bankr. M.D. Ala. 2005) (dismissing the bankruptcy case and imposing a two-year bar to refiling where the debtor filed seven cases within nine years); In re Brogdon, 2001 WL 1699687 (Bankr. M.D.N.C. Sept. 7, 2001) (dismissing a bankruptcy case and imposing a one year bar to re-filing where debtor filed two cases in three years and misrepresented facts in her petition).

    Here, the Debtor has filed four petitions in less than nine months. He has failed to comply with the requirements of the Bankruptcy Code in three of the cases by failing to file schedules. Additionally, the Debtor has failed to attend his first meeting of meeting of creditors in all of his cases. The Court finds that the Debtor has failed to make meaningful attempts to participate in the bankruptcy process in any of the four bankruptcy cases that he has initiated, which constitutes bad faith and unreasonable delay and prejudices his creditors.

    It is therefore, ORDERED that the Dismissal Motion is GRANTED, and the Debtor's case is DISMISSED. The Debtor may not file another bankruptcy case for one year from the date of this order.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GORIE L. CARPENTER, JR. | ) | Case No. 13-50305 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |

PARTIES IN INTEREST

Gorie L. Carpenter, Jr.

Michael D. West, Bankruptcy Administrator

Kathryn L. Bringle, Trustee